**E-FILED**
Monday, 25 June, 2007  03:31:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

CLARENCE RAYMOND JONES,
     Plaintiff,

     vs.                                  07-4022

ANDREA LASHBROOK, et al.
     Defendants.

### DISMISSAL ORDER ON MERIT REVIEW

This cause is before the court for merit review of the plaintiff's complaint and consideration of the plaintiff's motion for appointment of counsel [d/e 2], motion for preliminary injunction [d/e 3] and motion for a merit review hearing before the court. [d/e 8]   The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.   A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Clarence Raymond Jones, has filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants at the East Moline Correctional Center including Warden Gene Jungwirth, Health Care Administrator Andrea Lashbrook, Dr. Reddy Sudhadr, Nurse Debbie Lablanc, and John Doe.  The plaintiff claims the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Specifically, the plaintiff alleges he did not receive appropriate medical care for his teeth, nor did he receive prompt replacement of his dentures.  As a result, the plaintiff suffered with sore and bleeding gums, deteriorating teeth and an inability to eat.   Unfortunately, the plaintiff filed his lawsuit too soon.  It is clear from the face of the plaintiff's complaint that he has failed to exhaust administrative remedies for his claim.

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies as are
> available are exhausted.   42 U.S.C. §1997e(a).

The plaintiff states in his complaint that he filed an emergency grievance, but the warden responded that the issue was not appropriate for an emergency grievance.  The plaintiff apparently then refiled his grievance under the standard grievance procedure, but felt this process would take too long. Therefore, the plaintiff filed this lawsuit and a motion for preliminary injunction to prevent any further injury to himself.

Prisoners need not allege that they have exhausted administrative remedies because failure to exhaust is an affirmative defense.  However, "when the existence of a valid affirmative defense is so plain from the face of the plaintiff," the prisoner's complaint may be dismissed. *Walker v Thompson,* 288 F.3d 1005, 1010-11 (7th Cir. 2002); *see also Thomas v. Kalu,* 2007 WL 648312 at 2 (7th Cir. 2007). It is clear the plaintiff did not exhaust his administrative remedies as required before he filed this lawsuit.  Therefore, the court must dismiss this case.    The plaintiff's motion for appointment of counsel is denied and his motion for preliminary injunction is denied as moot.

1

**IT IS THEREFORE ORDERED:**

1)      The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required.  **42 U.S.C. §1997e(a)**;

2)      The plaintiff's motion for appointment of counsel is denied. [d/e 2].  The plaintiff's motion for a preliminary injunction and motion for merit review hearing are denied as moot. [d/e  3, 8].

3)      The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)       The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)      The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 25th day of June, 2007.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2